UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

      -against-

SCOTTIE MENDEZ

      Defendant.

------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**

1:23-cr-00126 (CBA)

**AMON, United States District Judge:**

    Scottie Mendez has a lengthy criminal history. (See D.E. # 25 ("PSR").) As relevant here, on August 9, 2022, Mendez was sentenced to four months in state custody for violating the probation he had received pursuant to a 2018 criminal contempt conviction. (PSR ¶ 47.) While he was serving that sentence, Mendez was produced to the federal government via a writ of habeas corpus ad prosequendum on August 17, 2022, in connection with a complaint charging him with violating the Hobbs Act. (D.E. ## 1, 3.) United States Magistrate Judge Robert M. Levy entered an order of detention as to Mendez on August 23, 2022. (D.E. # 6.) While detained, his four-month sentence for violating probation ended. On December 8, 2022, while still in federal custody, he was sentenced in Kings County Supreme Court for a robbery he committed in August 2020 (the "state robbery"), a crime to which he pleaded guilty in November 2021. (PSR ¶ 48; D.E. # 45 ("Gov't Opp.") at 2.) He pleaded guilty to the Hobbs Act robbery charges on March 28, 2023, (D.E. # 24), and I sentenced him on September 6, 2023, (D.E. # 34),

1

with the understanding that the sentenced would be followed by his sentence on the state robbery charge, (D.E. # 45-1 ("Sent. Tr.") at 37:23-25). Mendez is currently serving my sentence.[1]

Mendez now moves to dismiss his sentence on the state robbery charge. (D.E. # 41 ("Mot.").) He advances two objections to his consecutive sentences. First, he argues that because my sentence postdated the state sentence, the state court had primary jurisdiction over him. Because "the state sentence should have been first," he claims, "the state sentence should be tolled along with the federal sentence." (Mot. at 2.) In the alternative, he asks me to dispose of the state sentence "for violation of the interstate agreement on detainers." (Id.) Mendez has failed to cite any authority suggesting that I have jurisdiction to address his complaints. In any event, his claims lack merit.

As to the first point, "[t]he controlling factor in determining the power to proceed as between two contesting sovereigns is the actual physical custody of the accused." United States v. Vann, 207 F. Supp. 108, 111 (E.D.N.Y. 1962). Magistrate Judge Levy entered an order of detention for Mendez on August 23, 2022. (D.E. # 6.) When his four-month state sentence for violating his probation expired on September 22, 2022, therefore, primary jurisdiction transferred to—and remained with—the federal government. See United States v. Smith, 812 F. Supp. 368, 370 n.2 (E.D.N.Y. 1993) (a sovereign's jurisdiction ends upon "expiration of the sentence"). This is so even though Mendez was sentenced for the state robbery before I sentenced him for the Hobbs Act robbery. See Shumate v. United States, 893 F. Supp. 137, 139 (N.D.N.Y. 1995) (citation omitted) ("[R]egardless of the order in which sentences are imposed, the sentence of the sovereign

---

[1] On May 2, 2024, I granted Mendez's motion to reduce his sentence from 74 to 71 months. (D.E. # 40.)

which has primary jurisdiction over the defendant is served first."). Accordingly, there is no merit to the claim that Mendez should have served his state sentence first.

And Mendez provides no authority for the proposition that these sentences should not run consecutively. Indeed, in her sentencing submission, Mendez's counsel asked me to consider his state sentence as a mitigating factor when imposing my sentence for the Hobbs Act robbery. (D.E. # 30 at 5.) At sentencing, I acknowledged Mendez's "additional" state sentence would be served "after the service of [the Hobbs Act] sentence," without objection from Mendez or his counsel. (Sent. Tr. at 37:23-25.) In fact, I considered these consecutive sentences appropriate, because Mendez had "commit[ed] eight other robberies in 2022," and had "obviously learned nothing" from his 2021 conviction for the state robbery. (Id. at 38:1-3). Even if I had the power to dismiss a state sentence, therefore, doing so would be inappropriate under these circumstances.

Finally, Mendez's invocation of the Interstate Agreement on Detainers ("IAD") is unavailing. He claims, without evidence, that there was a detainer from the State lodged against him at the time of his federal incarceration. (Mot. at 2.) Even assuming this is true, he has failed to show that the IAD was violated. The IAD provides for speedy trial procedures when a defendant subject to prosecution in two jurisdictions makes certain requests. See 18 U.S.C. App. 2 § 2 Arts. III-IV. Mendez pleaded guilty to both the state robbery charge and the Hobbs Act robbery charge. The IAD's focus on trial is therefore inapposite. And there is no evidence in the record, nor any assertion by Mendez, that he invoked his rights under the IAD at the time. Nor did he raise this argument when he entered his guilty plea before me. His invocation of the IAD to request that I toll or dismiss his state sentence is therefore without merit.

Mendez's motion is therefore DENIED.

SO ORDERED.

Dated: August 19, 2025
Brooklyn, New York

/s Carol Bagley Amon
Carol Bagley Amon
United States District Judge